IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-9-FL-1
No. 5:12-CV-283-FL

| | |
|---|---|
| EVERETTE ATKINSON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter comes before the court on Petitioner Everette Atkinson's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Pet'r's Mot.") [DE-37]. Petitioner asserts his sentence was erroneously enhanced and he is no longer a career offender in light of the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Mot. [sic] Correct, Amend or Set Aside a J. Under 28 U.S.C. § 2255 Supp. Mem. ("Pet'r's Mem.") [DE-37-1]. This court also undertakes review of the government's motion to dismiss Petitioner's motion, United States' Mot. to Dismiss ("Gov't's Mot.") [DE-43], supported by a memorandum, Mem. in Supp. of United States' Mot. to Dismiss ("Gov't's Mem.") [DE-44], to which Petitioner has replied. Reply to Gov't's Resp. ("Pet'r's Resp.") [DE-47]. Finally, the government has submitted subsequently-decided authority in further support of its position. Notice of Supp. Auth. [DE-48]. Petitioner's motion was referred to this court and is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CRIM. P. 59(b)(1)(B). For the following reasons, it

is recommended that the government's motion to dismiss [DE-43] be allowed and the Petitioner's motion [DE-37] be dismissed.

## I. BACKGROUND

On April 28, 2005, pursuant to a plea agreement, Petitioner entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 and to being a felon in possession of a firearm in violation of §§ 922(g) and 924. Mem. of Plea Agreement [DE-24]. The plea agreement provided in relevant part that Petitioner agreed to "waive knowingly and expressly the right to . . . contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." *Id.* at 2 ¶ 2(c) [DE-24].

Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), Petitioner's prior state court convictions qualified as felony offenses for federal sentencing purposes.[1] As such, Petitioner was designated a career offender and, thus, subject to sentence enhancement under U.S.S.G. § 4B1.1.[2] Petitioner's Presentence Investigation Report ("PSR") ¶¶ 62-70. Petitioner was sentenced on August 18, 2005 to a term of 188 months of

---

[1] According to Petitioner's Presentence Report ("PSR"), Petitioner was convicted of aggravated assault on November 9, 1981 in Bell County, Texas and assault on a female on October 15, 1990 in Cumberland County, North Carolina, both serving as predicate felonies for federal sentencing purposes. *See* PSR ¶¶ 17 & 24.

[2] Petitioner received a base offense level of 26 under the advisory United States Sentencing Guidelines, but application of the career offender status increased Petitioner's base offense level to 34. Three points were subtracted in light of his acceptance of responsibility resulting in a total offense level of 31. *See* PSR ¶¶ 62-70.

imprisonment on the conspiracy conviction and 120 months of imprisonment on the firearm conviction. J. in a Criminal Case at 1-2 [DE-28]. The terms of imprisonment were ordered to run concurrently. The district court further imposed a 4-year term of supervised release for the conspiracy conviction and 3-year term of supervised release for the firearm conviction to run concurrently. *Id.* at 3. Petitioner did not challenge either his conviction or sentence on direct appeal to the Fourth Circuit. Petitioner filed the instant *pro se* motion pursuant to 28 U.S.C. § 2255 challenging his classification as a career offender for purposes of federal sentencing.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.    28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the

4

evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). However, a petitioner is free to "waive his right to collaterally attack his sentence and conviction, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

### III. DISCUSSION

The government has moved to dismiss Petitioner's motion for being untimely and barred by Petitioner's plea agreement waiver. The court is mindful of the latitude extended to pleadings of *pro se* litigants. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). In particular, the court must liberally construe a pleading filed by a *pro se* litigant for the development of a potentially meritorious claim. *Id.* Nonetheless, courts are not required to "conjure up questions never squarely presented to them [and] judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Petitioner's sole contention is that his sentence enhancement as a career offender under U.S.S.G. § 4B1.1 was erroneous in light of *Simmons* and he seeks relief from his enhanced federal sentence. Pet'r's Mem. at 7 [DE-37-1]. Petitioner argues that his motion is timely, though it is not abundantly clear whether Petitioner is asserting timeliness under § 2255(f)(3) or (4), or both.[3] *Id.* at 1-2. Regardless, he asserts that his motion is timely and that equitable tolling should apply. Pet'r's Resp. at 2 [DE-47]. The government contends that Petitioner's motion is

---

[3] Petitioner states that his motion is timely under § 2255(f)(4), but his supporting argument tracks the language of § 2255(f)(3) which allows for motions to be timely filed within one year from the date that the Supreme Court recognized a new right that is retroactively applicable to cases on collateral review. Pet'r's Mem. at 1-2 [DE-37-1]. The court addresses the timeliness of Petitioner's motion under both provisions of the statute.

5

untimely and is not subject to equitable tolling. Gov't's Mem. at 2-8 [DE-44]. Additionally, the government contends that Petitioner's motion is barred by the appeal waiver contained in his plea agreement. *Id.* at 8-9.

### A. Timeliness of Petitioner's Motion

Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

Petitioner primarily asserts that his motion is timely under § 2255(f)(3) and contends that the "one year statute of limitations in 28 U.S.C. § 2255 start[ed] running from the date of the Circuit Court's opinion that first applies the newly recognized right retroactively." Pet'r's Mem. at 2 [DE-37-1].[4] Petitioner's timeliness argument under § 2255(f)(3) fails for two reasons. First,

---

[4] Petitioner's *pro se* motion is of little assistance in clarifying the one-year limitation period he believes should be applied in his case under § 2255(f)(3). However, it appears Petitioner contends that the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) triggers the tolling period under § 2255(f)(3), rather than the Supreme Court case of *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577 (2010). Thus,

6

in light of the Supreme Court decision in *Dodd v. United States*, 545 U.S. 353 (2005), Petitioner's motion is outside the one-year period of limitation allowable under § 2255(f)(3). In *Dodd*, the Supreme Court held that the date from which the one-year period of limitation under § 2255(f)(3) begins to run is the date on which the right is initially recognized by the Supreme Court; not the date on which the right is subsequently made retroactive. 545 U.S. at 357. The court strictly relied on the text of § 2255(f)(3) which "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured," that being the date the right asserted was initially recognized by the Supreme Court. *Id.* As such, Petitioner had one year from the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010), the case that the Fourth Circuit's decision in *Simmons* relied upon in interpreting North Carolina's Structured Sentencing Act, to file his § 2255 motion. *Carachuri* was decided on June 14, 2010, making this date the operative date commencing the one-year period of limitation under § 2255(f)(3). Petitioner's § 2255 motion was filed on May 18, 2012 which is well beyond this one-year period of limitation. Second, the Fourth Circuit's recent decision in *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012), forecloses Petitioner's § 2255(f)(3) argument since it announced that the rule in *Carachuri* is not retroactively applicable to cases on collateral review. 691 F.3d at 558-59. Thus, *Powell* precludes the Petitioner from satisfying the retroactivity requirement set out in § 2255(f)(3). Accordingly, Petitioner's motion to vacate is untimely under § 2255(f)(3).

Petitioner next argues that equitable tolling should apply to render his motion timely.

---

Petitioner argues he had until August 17, 2012, one year from the date of the *Simmons* decision, to file his § 2255 motion. Pet'r's Mem. at 2 [DE-37-1].

7

Pet'r's Resp. at 2 [DE-47]. The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner argues he has been pursuing his rights diligently and the Fourth Circuit's decision in *Simmons* was an extraordinary circumstance beyond his control that prevented him from filing a timely § 2255 motion. Pet'r's Resp. at 1-2 [DE-47]. The basis of Petitioner's argument is his contention that the right announced by the Supreme Court in *Carachuri* is retroactive on collateral review and that equitable tolling should apply if a petition was filed within a short time of the holding in *Simmons*. Pet'r's Mem. at 2 [DE-37-1]; Pet'r's Resp. at 1-2 [DE-47] (citing *Bryant v. United States*, Nos. 2:03-CR-1-BO-1, 2:11-CV-72-BO, 2012 U.S. Dist. LEXIS 47328, 2012 WL 1119756 (E.D.N.C. Apr. 3, 2012)).

However, the Fourth Circuit's decision in *Powell* again forecloses Petitioner's argument. There, the court ruled that *Carachuri* articulated a procedural rule, rather than a substantive one; that the rule is not retroactively applicable to cases on collateral review; and does not permit a petitioner to benefit from the one-year period of limitation under § 2254(f)(3). 691 F.3d at 558-59; *see also Goode v. United States*, Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 U.S. Dist. LEXIS 142370, 2012 WL 4577244 (E.D.N.C. Oct. 2, 2012); *Porter v. United States*, Nos. 5:08-CR-371-BO-1, 5:12-CV-298-BO, 2012 U.S. Dist. LEXIS 129708, 2012 WL 4017923 (E.D.N.C. Sept. 12, 2012). *Powell* explained that a rule is substantive if "it alters the range of conduct or

the class of persons that the law punishes" and procedural if it "merely regulates '*the manner of determining* the defendant's culpability.'" 691 F.3d at 558 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). New substantive rules are applied retroactively on collateral review whereas procedural rules generally are not retroactively applicable. *Id.* Given *Powell*'s determination that the *Carachuri* rule is not a substantive rule to be applied retroactively, this court finds that equitable tolling is not available and that Petitioner has failed to present additional facts to demonstrate otherwise. *See Goode*, 2012 U.S. Dist. LEXIS 142370, at *3, 2012 WL 4577244, at *1 (finding equitable tolling did not apply in light of *Powell*); *Porter*, 2012 U.S. Dist. LEXIS 129708, at *3-4, 2012 WL 4017923, at *1 (announcing the same proposition).

Petitioner also contends that his § 2255 motion is timely under § 2255(f)(4); however, Petitioner has conclusively cited § 2255(f)(4) without providing argument to support a contention that new "facts" have arisen making § 2255(f)(4) applicable. *See* Pet'r's Mem. at 1 [DE-37-1]. Thus, Petitioner's purpose in citing § 2255(f)(4) is not entirely clear. Though it is not the practice of the court to supply movants with their arguments, it appears as though Petitioner may be arguing that the Fourth Circuit's decision in *Simmons* constitutes "facts supporting [his] claim" under § 2255(f)(4) which could not have been discovered with due diligence before the expiration of the time to file his motion. *See id.* at 2. Petitioner therefore contends that the one-year period of limitation for filing his § 2255 motion should be deemed to have commenced on the date of the issuance of the Fourth Circuit's decision in *Simmons*, August 17, 2011, thereby making his motion, filed May 18, 2012, timely for purposes of § 2255(f)(4). *See id.* at 1-2.

The Supreme Court in *Johnson v. United States,* 544 U.S. 295 (2005), and the Fourth Circuit in *Gadsen* each held that a state court's vacatur of a petitioner's prior state conviction

constituted a "fact" under § 2255(f)(4). As a result, the limitation period began tolling on the date of notice of the state-court vacatur. *Johnson*, 544 U.S. at 310. "Although 'facts' in this context have been held to include court rulings and the legal consequences of known facts, the court ruling or legal consequence must have occurred in the petitioner's <u>own case</u>." *Goode*, 2012 U.S. Dist. LEXIS 142370, at *2, 2012 WL 4577244, at *1 (internal citation omitted) (emphasis added) (citing *Shannon v. Newland*, 410 F.3d 1083, 1088-89) (9th Cir. 2005)); *see also United States v. Hardison*, Nos. 4:08-CR-77-FL-2, 4:11-CV-196-FL, 2011 U.S. Dist. LEXIS 148702, at *4-5, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (observing that *Johnson* and *Gadsen* each involved the vacatur of petitioner's <u>own</u> prior state conviction directly eliminating petitioner's status as a convict). Here, *Simmons* was not part of Petitioner's own litigation history and does not apply directly to him. Because Petitioner has pointed to no action invalidating his state convictions, the reasoning employed in *Johnson* and *Gadsen* to trigger §2255(f)(4) does not apply.

Accordingly, Petitioner's motion does not meet the statutory requirements under § 2255(f)(3), the Fourth Circuit's opinion in *Simmons* does not constitute a "fact[] supporting [petitioner's] claim" under § 2255(f)(4) and there are no facts to support the application of equitable tolling. Because Petitioner has failed to demonstrate that his petition was timely filed under any other provision of § 2255(f), the Petitioner's motion to vacate pursuant to § 2255 is dismissed as untimely.

**B.  Effect of the Appellate Waiver contained in Petitioner's Plea Agreement**

In the event Petitioner's § 2255 motion is found to be timely, the government alternatively relies on Petitioner's waiver of appellate rights, including the right to contest a

10

sentence in a post-conviction proceeding pursuant to § 2255, as grounds for dismissal. Gov't's Mem. at 8-9 [DE-44]. Petitioner, in turn, asserts that the plea agreement and waiver of appellate rights should not be enforced because his claim under *Simmons* could not have been contemplated at the time he entered his plea agreement and, as a result, his motion falls outside the scope of his plea agreement waiver. Pet'r's Resp. at 2-3 [DE-47].

A court will generally uphold a plea waiver if the record establishes the waiver is (1) valid and (2) the issue being appealed is within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). A petitioner is free to "waive his right to collaterally attack his sentence and conviction, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220; *see also United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991) (waiver is valid only insofar as it is the result of a knowing and intelligent decision to forgo the right to appeal). As to the issue of scope, the Fourth Circuit has identified a narrow class of claims that fall outside the scope of a valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. March*, No. 3:08-590-CMC, 2012 U.S. Dist. LEXIS 22178, at *11, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) and *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992)). Moreover, courts typically "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir.

11

2003)).

The docket reflects that in his Rule 11 colloquy with the court on April 28, 2005, Petitioner confirmed to the court that he entered his plea agreement freely and voluntarily. *See Docket Sheet*. Moreover, Petitioner does not in fact contest the validity of the plea agreement. Pet'r's Resp. at 2-3 [DE-47]. Having determined Petitioner's waiver of his post-conviction rights was valid, the court must next determine whether Petitioner's current challenges to his sentence fall outside the waiver's scope.

Petitioner contends that his claim under *Simmons* is not barred by an appeal waiver because his particular post-conviction claim falls outside the parameters of his plea waiver. Pet'r's Resp. at 2-3 [DE-47]. Though not stated directly, reading Petitioner's arguments together, Petitioner contends that he is "actually innocent" of being a career offender and that enforcement of the waiver will result in a "miscarriage of justice." *See* Pet'r's Mem. at 3, 5, 7 [DE-37-1].[5] Petitioner's actual innocence claim, however, is foreclosed by the Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010). In *Pettiford*, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." 612 F.3d at 284. Petitioner does not

---

[5] Petitioner contends the following in loosely forming an "actual innocence" claim: (1) "[A]ll of Petitioner's prior offense[s] that were used to qualify as felonies under federal law no longer qualify. . . ." Pet'r's Mem. at 3; (2) "Petitioner has no predicate offenses that qualify for enhancement . . . making that application of the [c]areer offender invalid and creating a substantive rights violation." Pet'r's Mem. at 5; (3) "Petitioner now has 'No prior offense that qualifies as a felony under federal [l]aw and can no longer be classified as a[] [c]areer [o]ffender." Pet'r's Mem. at 7. [DE-37-1]. Additionally, Petitioner does not supply another ground for relief to deem his current motion outside the scope of plea agreement.

12

contend that he did not commit the prior offenses for which he was convicted; rather, he contests the legal classification of his predicate convictions.

Additionally, alleged errors in interpreting or applying the sentencing guidelines, such as the instant career offender enhancement, generally fall short of the complete miscarriage of justice showing necessary to support § 2255 relief as stated above. *See Mikalajunas*, 186 F.3d at 496 (finding that an alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice" to warrant relief under § 2255); *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (stating "in the absence of 'a complete miscarriage of justice,' . . . guideline claims ordinarily are not cognizable in § 2255 proceedings") (citations omitted). Indeed, as the Fourth Circuit explained, "[a] plea agreement, like any contract, allocates risk" and "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompanies a guilty plea." *Johnson*, 410 F.3d at 153 (citations omitted).

The only Fourth Circuit case to allow a petitioner's § 2255 sentencing error claim in spite of a valid appellate waiver is the unpublished decision of *United States v. Yancey*, No. 11-4792, 2012 U.S. App. LEXIS 2035, 2012 WL 313752 (4th Cir. Feb. 2, 2012). In *Yancey*, the court held that the appellate waiver did not bar the defendant's claim that he was improperly classified as a career offender; however, the only basis provided by the court for its holding was the government's agreement at sentencing that the defendant could appeal his career offender classification. *See Yancey*, 2012 U.S. App. LEXIS 2035, at *3 n.1, 2012 WL 313752, at *1 n.1. Unlike in *Yancey*, here, the government did not agree at sentencing that Petitioner could appeal his career offender classification. Thus, the terms of Petitioner's plea agreement still control.

13

A recent line of cases in this district, all citing *Yancey*, has held that whether a defendant was properly classified as a career offender in light of *Simmons* is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *See Woodard v. United States*, Nos. 5:10-CR-191-BO, 5:12-CV-106-BO, 2012 U.S. Dist. LEXIS 58626, at *7-8, 2012 WL 1438477, at *2 (E.D.N.C. Apr. 25, 2012); *Mahorn v. United States*, Nos. 5:06-CR-128-BO, 5:12-CV-188-BO, 2012 U.S. Dist. LEXIS 52230, at *3-4, 2012 WL 1253051, at *1 (E.D.N.C. Apr. 13, 2012); *Mathis v. United States*, Nos. 7:09-CR-139-BO, 7:11-CV-266-BO, 2012 U.S. Dist. LEXIS 48842, at *15, 2012 WL 1156438, at *5 (E.D.N.C. Apr. 6, 2012); *Graham v. United States*, Nos. 5:10-CR-18-BO, 5:12-CV-19-BO, 2012 U.S. Dist. LEXIS 46853, at *4, 2012 WL 1120018, at *1 (E.D.N.C. Apr. 3, 2012); *Farmer v. United States*, Nos. 5:02-CR-131-BO-1, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 46840, at * 3, 2012 WL 1119920, at *1 (E.D.N.C. Apr. 2, 2012). The holding in each of these cases is premised on the finding that a *Simmons* claim is encompassed within the category of errors that fall outside the scope of post-conviction waivers because the defendant "could not have reasonably contemplated" this error when the plea agreement was executed. For the reasons stated above, however, this court understands *Yancey* differently and does not find that its holding supports a similar finding in this case.

As the Fourth Circuit has made clear, errors that a defendant "could not have reasonably contemplated" involve only a "a narrow category of claims" and in particular, errors such as the imposition of a sentence in excess of the statutory maximum penalty or based on a constitutionally impermissible factor such as race. *See United States v. Powell*, 365 Fed. Appx. 540, 542 (4th Cir. 2010). Petitioner's sentence was not above the statutory maximum nor was it based on an impermissible factor such as race. In short, Petitioner's sentence simply was not in

14

violation of the law at the time it was imposed. Accordingly, this court finds that the Petitioner has effectively waived his right to challenge his sentence on the grounds he asserts in the instant post-conviction proceeding.

## IV. CONCLUSION

Based upon the foregoing, the court recommends the government's motion to dismiss [DE-43] be ALLOWED and the Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [DE-37] be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 26 day of October, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge

15