IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-9-FL-1
No. 5:12-CV-283-FL

| | |
|---|---|
| EVERETTE ATKINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 37), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the government's motion to dismiss (DE 43). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered memorandum and recommendation (M&R) wherein it is recommended that the court dismiss petitioner's motion to vacate. (DE 49). Petitioner filed objections to the M&R, which include a request to mail the government's notice at DE 48, and a request for appointment of counsel, which the court construes as a motion to appoint counsel. (DE 50). In this posture, the issues raised are ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge, grants the government's motion, and dismisses petitioner's motion.

## BACKGROUND

On April 28, 2005, petitioner pleaded guilty to being a felon in possession of a firearm and conspiracy to distribute over 100 kilograms of marijuana. On August 18, 2005, petitioner was sentenced to a term of 120 months imprisonment on the firearm conviction and 188 months imprisonment on the distribution conviction, running concurrently. Petitioner did not file a direct

appeal. On May 3, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement as a career offender under U.S.S.G. § 4B1.1 was erroneous in light of Simmons. The government moves to dismiss on grounds that petitioner's motion is untimely and not subject to equitable tolling, and barred by petitioner's plea waiver. The M&R recommends dismissal on the basis that the motion is untimely, and alternatively on the basis that petitioner waived in his plea agreement the right to collaterally challenge his conviction. Petitioner argues in his objections that the 2255 motion is timely under 28 U.S.C. § 2255(f), that equitable tolling is appropriate, and that his plea waiver does not apply here. Because the court agrees with the M&R that the motion is untimely, the court will dismiss the motion on that ground, without reaching the waiver issue.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner argues that his motion was timely under subsection (f)(3). As discussed in the M&R, which the court adopts and incorporates herein, see M&R 6-7, this argument is foreclosed by

2

United States v. Powell, 691 F.3d 554 (4th Cir. 2012), where the court held that the rule announced in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), upon which Simmons is based, is not retroactively applicable to cases on collateral review.[1] Petitioner also suggests that he is entitled to relief pursuant to § 2255(f)(4). This court, however, has previously rejected this argument in the context of Simmons. See United States v. Hardison, No. 4:11-CV-196-FL, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011). As further set forth in the M&R, which the court incorporates herein, see M&R 9-10, the court finds § 2255(f)(4) inapplicable.

Petitioner also argues that equitable tolling is appropriate. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). To benefit from equitable tolling, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004). Petitioner's equitable tolling argument, however, again is foreclosed by United States v. Powell, 691 F.3d 554, 558-59 (4th Cir. 2012). Treating a change in the law as extraordinary circumstances justifying equitable tolling would render the court's holding in Powell meaningless. Moreover, no "miscarriage of justice" has occurred where the sentence imposed in this case for the firearm conviction was not greater than the statutory maximum. Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the

---

[1] Petitioner states in his objections that he never received a copy of the government's notice of subsequently-decided authority (DE 48), in which the government notes the decision in Powell, and petitioner requests to have this court mail him a copy of the notice. Although the government included a certificate of service with its notice, the court, out of an abundance of caution, will direct the clerk to mail petitioner DE 48 at his address of record. Petitioner also includes a request for appointment counsel in his objections. (DE 50). The court finds appointment of counsel is not warranted under the circumstances of this case. Accordingly, the request, construed as a motion to appoint counsel, is DENIED.

3

judgment in part) (quoting <u>Sun Bear v. United States</u>, 644 F.3d 700, 706 (8th Cir. 2011)). Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion as untimely.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge, GRANTS the government's motion to dismiss (DE 43), and DISMISSES petitioner's motion to vacate (DE 37). Finding no substantial issue for appeal concerning the denial of a constitutional right, <u>see</u> 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. In addition, per petitioner's request in his objections to the M&R, the clerk is DIRECTED to mail petitioner a copy of the government's notice at DE 48. Petitioner's request for appointment of counsel, construed as a motion to appoint counsel, (DE 50), is DENIED.

SO ORDERED, this 3rd day of April, 2013.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge